Tracy J. Williams KIRBY, Plaintiff,

v.

John CALLAHAN, Ph.D., Acting Commissioner of Social Security, Defendant.

No. 96–1251–JTM.

United States District Court, D. Kansas.

Aug. 26, 1997.

form with the federal rules. See Fed.R.Civ.P. 7(a) (listing acceptable pleadings).

Richard M. Blackwell, Blackwell, Blackwell & Struble, Salina, KS, for Plaintiff.

Connie Calvert, Asst. U.S. Atty., Wichita, KS, for Defendant.

## MEMORANDUM AND ORDER

MARTEN, District Judge.

Tracy J. Williams Kirby contends she became disabled on February 19, 1991 due to disabling pain following radical surgery to remove cancer in the left shoulder area and subsequent reconstructive surgery. Her claim for Title II disability benefits was denied initially and on reconsideration. On May 23, 1995, an ALJ also rejected Kirby's claims, finding she was not disabled. Following denial of her request for review by the Appeals Council, Kirby brought the present action.

Kirby was born in 1960. She has a 10th grade education and has worked as an assembler, packager, pbx operator, and sales clerk. (R. 11.) Kirby has not worked since February 19, 1991. (R. 12.)

The ALJ noted the medical evidence relating to Kirby's surgery was essentially uncontroverted. In 1991, Kirby was diagnosed with dermatofibrosarcoma protuberans of the left clavicle. She underwent a radical surgical resection with reconstruction in early 1991. She then underwent post-surgical physical therapy and was given a home exercise program. Follow-up by Dr. Mani M. Mani indicated Kirby's skin graft had taken. The ALJ found that after her physician moved to Nebraska, Kirby did not have much follow-up treatment.

Kirby saw Dr. Jeryl Fullen in late 1991, complaining of constant pain in the left shoulder. She reported she was a homemaker with four children, and smoked one pack of cigarettes a day. Dr. Fullen's exam showed a well-healed graft scar on the left shoulder. Dr. Fullen found that Kirby had "excellent" range of motion in the shoulder, but there was "obvious snapping" with abduction of the arm. X-rays, however, found no specific bony abnormalities. She was very sensitive to light touching around the scar area. Dr. Fullen told Kirby there would be no reoccurrence of the tumor, and she was told to restrict specific movements to minimize the snapping of the shoulder. Fullen told Kirby her shoulder should function "fairly well." (R. 173.)

Dr. James R. Neff saw Kirby on April 6, 1992 for follow-up. Dr. Neff reported Kirby had a nodule in the area of the surgery. Dr. Neff noted that Kirby was seen on the same day by Dr. Ronald R. Hollins for evaluation of symptomatic macromastia. Dr. Hollins wrote that he found no sign of recurrence of the disease. He found "mild" tenderness over the muscle flap; there were no dominant masses. Dr. Hollins proposed breast reduction surgery as one means of reducing stress in the shoulder area, but this was not performed. (R. 115–16.) A CT scan performed April 6, 1992 detected no significant problems. (R. 117.)

On November 16, 1992, Kirby complained of pain in the left shoulder and chest. A CT scan of the chest showed "NO SIGNIFICANT INTERVAL CHANGE" from the last CT scan. (R. 110.)

The following year, Kirby received treatment for sinus headaches, swelling in the feet, and hoarseness. (R. 107.) An examination in August of 1993 found no edema, and normal EKG and chest X-rays. (R. 107, 182–85.)

Kirby testified that after her surgery she used a sling for support for about a year.

She stated she can do minimal lifting because of her shoulder pain, and that sitting for more than two hours makes her miserable. She also stated she has one or two migraine headaches every three months, and tension headaches more frequently.

Kirby lives with a friend and her four children. She does the cooking and some cleaning. She takes her children to school and picks them up every day. She stated she has had to give up recreational activities such as boating, cycling, and gardening because of her arm problems.

The ALJ found Kirby had an impairment which did not meet or equal any listed impairment. While he agreed Kirby experienced some pain, he ultimately found her allegations were "not fully credible with regard to the degree of pain and limitations." (R. 15.)

### Conclusions of Law

■ In the present appeal, Kirby advances two arguments. First, she contends the ALJ improperly discounted her complaints of disabling pain. Second, she contends the ALJ failed to hear evidence from a vocational expert as to her residual function capacity to perform past work. As to the last point, it is true the ALJ did not hear from the vocational expert, but the government appears to be correct that such testimony was not necessary if the ALJ's findings are otherwise correct-testimony from the vocational expert was not needed since the ALJ found no disability to perform her prior work, and thus, the burden never shifted to the commissioner to show Kirby's residual function capacity.

■ With respect to her first argument, Kirby contends the ALJ failed to consider that radical surgery in the shoulder region was an objective event which could reasonably cause lasting pain, and that the ALJ improperly failed to consider either the pain killers which she was required to take, or the evidence of headaches and psychological problems mentioned in the record.

Kirby's argument is inaccurate to the extent it suggests the ALJ either ignored her complaints of pain or found that no pain existed. The ALJ explicitly found, as noted above, that Kirby did have an impairment based upon lingering pain. The ALJ, concluded, however, that the degree of pain described by Kirby was contradicted by other evidence, including Kirby's credibility:

> While there is objective medical evidence which shows that there is a medically determinable impairment which exists which could reasonably be expected to produce pain and/or other symptomatology, the totality of the subjective and objective evidence does not indicate that the claimant should, or does, experience pain at the level of severity she expresses. This conclusion is reached after considering the record as a whole, and not merely reviewing the medical findings and the degree to which they support pain and other allegations.

(R. 15.)

The ALJ first noted that Kirby's complaint of "disabling" pain was contradicted by the fact that she led "a fairly active life" maintaining her home. (R. 15.) Although she does take some pain medications, they are all over-the-counter preparations. (R. 226.) While there is some evidence of headaches, there is no indication in the record that Kirby has ever sought or received treatment for them during the relevant period.

■ Where a claimant has an impairment reasonably expected to produce some pain, the fact finder must proceed to consider all relevant evidence in resolving allegations of disabling pain. *Luna v. Bowen*, 834 F.2d 161, 164 (10th Cir.1987). Here, such an impairment clearly existed. On the other hand, in assessing claims of disabling pain, the fact finder may also consider the frequency or infrequency of medical contacts and the presence or absence of significant pain medication. *See Castellano v. Secretary of HHS*, 26 F.3d 1027, 1029 (10th Cir.1994); *Hargis v. Sullivan*, 945 F.2d 1482, (10th Cir.1991).

Here, a rational fact finder might have had a basis for a finding of disability on the part of Kirby. Under the appropriate standard of review, however, the decision of the ALJ must be affirmed since there is substantial countervailing evidence of nondisability.

Kirby continued to lead a fairly active life. She had a limited number of contacts with medical providers regarding her pain. She never sought prescription treatment for her shoulder pain. There is no evidence she ever sought treatment for her migraine headaches. While there is some evidence of anxiety and other psychological problems, Kirby has not predicated her disability claim on these problems nor shown how they would affect the credibility of her claim for disabling pain.

In light of the evidence undermining the credibility of Kirby's complaints of severe and disabling pain, and given the basic substantial evidence standard of review, the court concludes the ALJ's decision should be affirmed.

IT IS ACCORDINGLY ORDERED this 25th day of August, 1997, that plaintiff Kirby's appeal from the administrative law judge's decision is hereby denied.